D J S

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

PETER POLINSKI,

Plaintiff,

v.

6:26-CV-1299 (AMN/DJS)

TOWN OF RICHFIELD, *et al.*,

Defendants.

**APPEARANCES:**

PETER POLINSKI
Plaintiff, *Pro Se*
Marcy, New York 13403

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

Plaintiff *pro se* filed a Complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. He has also filed an application for leave to proceed *in forma pauperis*, Dkt. No. 2, which this Court has granted by separate order. Plaintiff's Complaint is before the Court for initial review pursuant to 28 U.S.C. § 1915 and, for the reasons set forth below, the Court recommends that the Complaint be dismissed with leave to amend.

D

J

S

## I. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## II. DISCUSSION

Plaintiff asserts both state common law and federal statutory causes of action. Plaintiff asserts that the Court has federal jurisdiction over this case under 28 U.S.C. § 1331, based on the presence of a federal question. Compl. at p. 2. Supplemental jurisdiction is relied on with respect to the state law claims. *Id.*

### A. Federal Pleading Standards

In its current state, the Complaint fails to clearly articulate the precise nature of Plaintiff's factual and legal claims. Plaintiff alleges that in April 2021 he "transmitted to

Richfield Town Court financial instruments . . . in the total amount of Thirty-Three Million Dollars." Compl. at p. 3. The notice transmitting the bonds "explicitly directed that these bonds were not to be used for traditional bonding purposes but were instead tendered for subrogation and as full and final settlement of all accounts related to the underlying matter." *Id.* The nature of that underlying matter referred to is entirely unclear. Plaintiff includes a copy of a promissory note for three million dollars. Dkt. No. 1-1 at p. 2. He also includes several additional documents, entitled "Notice of Dishonor" and "Notice of Default." Dkt. Nos. 1-2 & 1-3. Those notices contain a variety of seemingly unrelated legal arguments, and numerous quotes from scripture, bear the emblems of the United States House of Representatives and the Securities and Exchange Commission, and warn the recipients of their rights under the Fifth Amendment not to incriminate themselves. *Id.* What the Complaint fails to do is explain in any detail why Plaintiff claims to have transferred over thirty million dollars in financial instruments to the Town of Richfield Court and why he then sought their return.

This failure to provide proper notice renders dismissal of the Complaint appropriate. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The rule serves to make certain that the party named as a defendant is on notice of the claims being asserted against it. *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995). A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of [defendant's] duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the Court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

The Court recommends that dismissal for failure to provide proper notice of the basis of Plaintiff's claims is warranted. In addition, as noted below, additional substantive issues with the Complaint also warrant dismissal.

**B. Viability of Federal Claims**

The sixth and seventh causes of action assert claims under 18 U.S.C. §§ 241 & 242. Compl. at p. 8. Claims under these statutes should be dismissed with prejudice. Plaintiff references 18 U.S.C. § 241, but that statute "do[es] not give rise to civil liability or authorize a private right of action." *Gilmore v. Karandy*, 2020 WL 4673896, at *2 n.5 (N.D.N.Y. Aug. 12, 2020) (citing cases). The same is true for section 242. *Storm-Eggink v. Gottfried*, 409 Fed. App'x 426, 427 (2d Cir. 2011) ("[T]here is no private right of action

under [18 U.S.C.] § 242[.]"); *Francois v. Richman*, 2025 WL 1207659, at *2 (E.D.N.Y. Apr. 24, 2025) ("18 U.S.C. §§ 242 and 245 do not provide a private right of action.").

Plaintiff has also alleged First, Fifth, and Fourteenth Amendment claims against Defendants under 42 U.S.C. § 1983. Compl. at pp. 6-7. Under clearly established law, the Eleventh Amendment provides states immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both to the State itself and state agencies. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"). "As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 219-20 (N.D.N.Y. 2014) (citation omitted). "It is well-established that New York has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (internal citations omitted). No other basis for waiver or abrogation is set forth in the Complaint.

"Every court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is and is therefore protected by Eleventh Amendment sovereign immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d

Cir. 2009). In New York, a town court "is part of the New York State Unified Court System." *Lee v. Town of Wawayanda*, 2024 WL 6046840, at *9 (S.D.N.Y. Aug. 27, 2024), *report and recommendation adopted*, 2026 WL 99995 (S.D.N.Y. Jan. 14, 2026). As such, it is entitled to the same immunity. *Id.*; *see also Johnson-El v. Pascullo*, 2026 WL 370331, at *2 (S.D.N.Y. Feb. 10, 2026); *Woods v. Dewitt Town Ct.*, 2025 WL 3129180, at *3 (N.D.N.Y. Oct. 24, 2025), *report and recommendation adopted*, 2025 WL 3127194 (N.D.N.Y. Nov. 7, 2025). The Court recommends that the section 1983 claim against the Richfield Town Court be dismissed based on Eleventh Amendment immunity.

The Court also recommends that the remaining section 1983 claims be dismissed. Plaintiff seeks to sue the Town of Richfield under that statute. In *Monell v. Dep't of Soc. Servs. of City of New York*, the Supreme Court recognized that a local municipality can be held liable for violations of constitutional rights under certain circumstances. 436 U.S. 658, 690-691 (1978). "The elements of a *Monell* claim are (1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020) (citing *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). For an individual whose constitutional rights have been violated to have recourse against a municipality under § 1983, he must show that he was harmed by a municipal "policy" or "custom." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 690-91. Here, the Complaint identifies no unconstitutional policy or custom on the part of the municipality. That omission is

fatal, at this juncture, to Plaintiff's Complaint. *Arnold v. Town of Camillus, New York*, 662 F. Supp. 3d 245, 259 (N.D.N.Y. 2023) ("Plaintiff has not identified any formal town policy that has deprived [him] of equal protection."); *Beckwith v. City of Syracuse*, 642 F. Supp. 3d 283, 293 (N.D.N.Y. 2022) (dismissal required when complaint "does not allege the existence of any policy, practice, or custom from which [plaintiff's] alleged constitutional violation resulted.").[2]

Dismissal of Plaintiff's claim against the Richfield Town Clerk, who is sued only in her official capacity, is also warranted. Compl. at p. 2. "[C]laims against municipal officials in their official capacities are really claims against the municipality." *Wallikas v. Harder*, 67 F. Supp. 2d 82, 83 (N.D.N.Y. 1999); *see also Coon v. Town of Springfield*, 404 F.3d 683, 687 (2d Cir. 2005). "Where, as here, the plaintiff has also named the municipality as a defendant, courts generally dismiss official-capacity claims as redundant or duplicative." *Polizzi v. Cnty. of Schoharie*, 720 F. Supp. 3d 141, 147 (N.D.N.Y. 2024); *see also Rogers v. City of New Britain*, 189 F. Supp. 3d 345, 359 (D. Conn. 2016).

[2] Dismissal of this claim should be with leave to amend.

## C. State Law Claims

Plaintiff's remaining claims are state law claims. Having recommended the dismissal of all of Plaintiff's federal claims, the Court also recommends that the Court decline to exercise supplemental jurisdiction over this claim.

The Court's consideration of the state law claims must be predicated upon the application of supplemental jurisdiction. A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. Subsection (a) of § 1367 provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . ..

28 U.S.C. § 1367(a).

A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction[.]"); *Osborn v. Haley*, 549 U.S. 225, 245 (2007). But the Supreme Court has given significant guidance on this question when all federal claims are dismissed at the outset of a case. "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the

exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). In light of that guidance, it is recommended that the Court decline to exercise supplemental jurisdiction over the remaining state law claims.[3]

## III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

[3] Should Plaintiff be granted leave to amend and assert a viable federal claim as well as state law claims the appropriateness of exercising supplemental jurisdiction can be reconsidered.

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: September10, 2026
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge