**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PETER J. POLINSKI,

Plaintiff,

v. 6:26-cv-01299 (AMN/DJS)

TOWN OF RICHFIELD, et al,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**PETER J. POLINSKI**
5735 Cavanaugh Road
Suite 614
Marcy, NY 13403
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On June 26, 2026, plaintiff *pro se* Peter J. Polinski ("Plaintiff") commenced this action against defendants the Town of Richfield, the Richfield Town Court, and Maggie Patrick, sued in her official capacity as Richfield's Town Clerk (collectively, "Defendants"). Plaintiff asserts various claims under 42 U.S.C. § 1983 and state law related to his alleged transfer of approximately $33,000,000 in financial instruments to Defendants in April of 2021. *See* Dkt. No. 1 ("Complaint"). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who granted Plaintiff's IFP motion, *see* Dkt. No. 5, and reviewed the Complaint pursuant to 28 U.S.C. § 1915.

On September 10, 2026, Magistrate Judge Stewart recommended dismissal of this Complaint with leave to amend. Dkt. No. 6 ("Report-Recommendation"). Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Stewart advised that the parties had fourteen days within which to file written objections, or seventeen days for a party served by mail, and that failure to object to the Report-Recommendation within the applicable period would preclude appellate review. *Id.* at 10-11.[1] On September 28, 2026, Plaintiff, who was served by mail, timely filed his objections to the Report-Recommendation. *See* Dkt. No. 7.

For the following reasons, the Court adopts the Report-Recommendation in its entirety and dismisses the Complaint with leave to amend.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

*1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Magistrate Judge Stewart summarized the facts of this case as follows:

> Plaintiff alleges that in April 2021 he "transmitted to Richfield Town Court financial instruments . . . in the total amount of Thirty-Three Million Dollars." [Dkt. No. 1 at 3]. The notice transmitting the bonds "explicitly directed that these bonds were not to be used for traditional bonding purposes but were instead tendered for subrogation and as full and final settlement of all accounts related to the underlying matter." *Id.* The nature of that underlying matter referred to is entirely unclear.

Dkt. No. 6 at 3-4.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." While the Court must liberally construe *pro se*

pleadings, a complaint must still "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) ("[A] *pro se* complaint must state a plausible claim for relief."). On a review of the pleadings, Magistrate Judge Stewart could not determine "why Plaintiff claims to have transferred over thirty million dollars in financial instruments to the Town of Richfield Court," and further found no explanation for "why [Plaintiff] then sought their return." Dkt. No. 6 at 4. Plaintiff attached several exhibits to the Complaint, but these provide no further clarity:

> Plaintiff includes a copy of a promissory note for three million dollars. Dkt. No. 1-1 at [] 2. He also includes several additional documents, entitled 'Notice of Dishonor' and 'Notice of Default.' Dkt. Nos. 1-2 & 1-3. Those notices contain a variety of seemingly unrelated legal arguments, and numerous quotes from scripture, bear the emblems of the United States House of Representatives and the Securities and Exchange Commission, and warn the recipients of their rights under the Fifth Amendment not to incriminate themselves. *Id.*

Dkt. No. 6 at 4.

While the Court must read Plaintiff's pleadings "to raise the strongest arguments that they suggest," *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation omitted), that requirement does not permit it to "re-write or ignore the lack of an element essential to an entitlement to relief," *Caines v. Pacheco*, No. 20-cv-878, 2021 WL 2352413, at *2 (S.D.N.Y. June 9, 2021) (citing *Geldzahler v. N.Y. Medical Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009). All of Plaintiff's claims rely on his legal entitlement to the return of the financial instruments he allegedly sent to Defendants. But there is no factual basis in the pleadings for that legal entitlement, other than Plaintiff's bare assertion that Defendants "wrongfully detained" the financial instruments, that Plaintiff is their "lawful owner and holder in due course . . . and is

entitled to immediate possession," and that Defendants did not respond to his demand for their return. Dkt. No. 1 at 4, 5; *see* Dkt. Nos. 1-2, 1-3. Even given the "special solicitude" the Court is required to give *pro se* litigants, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), Plaintiff's "conclusory assertions[ and] baseless legal arguments . . . . do[] not need to be considered," *Commodity Futures Trading Comm'n v. Alexandre*, 801 F. Supp. 3d 185, 199 (S.D.N.Y. 2025), *appeal dismissed*, No. 25-2094, 2026 WL 570138 (2d Cir. Jan. 8, 2026). *See Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 274 (S.D.N.Y. 2018) ("'[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,' even for purposes of a *pro se* complaint.") (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

Plaintiff's objection to the Report-Recommendation does not contest Magistrate Judge Stewart's Rule 8 recommendation. *See* Dkt. No. 7 at 6-7. "Plaintiff acknowledges that the original Complaint did not present" facts as to the underlying matter "with sufficient clarity, and respectfully requests leave to cure that deficiency in an amended complaint containing a concise chronological factual statement." *Id.* at 6. Accordingly, the Court finds no clear error in Magistrate Judge Stewart's conclusion that dismissal is warranted "for failure to provide proper notice of the basis of Plaintiff's claims." Dkt. No. 6 at 5.

While the Complaint as a whole is subject to dismissal on Rule 8 grounds, Magistrate Judge Stewart and Plaintiff agree that the specific dismissal of Plaintiff's claims under 18 U.S.C. §§ 241 and 242 with prejudice is warranted. Magistrate Judge Stewart determined that neither Section 241 nor Section 242 provides a private right of action. *See* Dkt. No. 6 at 5-6. In response, "Plaintiff does not object to dismissal with prejudice to the extent those causes of action seek relief directly under 18 U.S.C. §§ 241 and 242." Dkt. No. 7 at 3. Accordingly, the Court finds no clear error in Magistrate Judge Stewart's recommendation, *see Wilson v. City of New York*, No. 23-cv-7771,

2024 WL 1308706, at *1 n.1 (E.D.N.Y. Mar. 26, 2024) ("18 U.S.C. §§ 241 and 242, both criminal statutes, do not provide a private right of action."), and thus it dismisses Plaintiff's Section 241 and 242 claims with prejudice.[2]

As to all other claims, Magistrate Judge Stewart recommended that this Court grant Plaintiff leave to amend his complaint to provide the presently missing factual basis for his claims. Dkt. No. 6 at 1. "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). The Court therefore accepts Magistrate Judge Stewart's recommendation and dismisses Plaintiff's remaining claims with leave to amend.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 6, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's claims under 18 U.S.C. §§ 241 and 242 be **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's remaining claims be **DISMISSED with leave to amend**; and the Court further

---

[2] Magistrate Judge Stewart noted several "additional substantive issues" with the pleadings that "also warrant dismissal." Dkt. No. 6 at 5; *see id.* at 6-7 (recommending that this Court dismiss Plaintiff's Section 1983 claims against the Richfield Town Court on sovereign immunity grounds); *see id.* at 7-8 (concluding that Plaintiff's Section 1983 claims against the Town of Richfield and its town clerk fail to meet the requirements of *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-691 (1978)); *id.* at 9-10 (reasoning that, because none of the federal claims survive initial review, the Court ought not exercise supplemental jurisdiction over the remaining state law claims).

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 5, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge